## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN BERMAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:16-cv-00412 |
| | § | |
| COMCAST CORPORATION and | § | Jury Trial Demanded |
| COMCAST CABLE COMMUNICATIONS, | § | |
| LLC, | § | |
| | § | |
| *Defendants.* | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff John Berman ("Plaintiff" or "Berman") files this Complaint asserting claims for patent infringement against Defendants COMCAST Corporation and COMCAST CABLE COMMUNICATIONS, LLC (collectively "Defendants" or "COMCAST") and alleges as follows:

### PARTIES

1. Plaintiff John Berman ("Berman") is an individual and resides in the State of Washington with a residential mailing address at P.O. Box 831, Richland, Washington 99352.

2. Upon information and belief, Defendant COMCAST Corporation is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at Comcast Center, 1701 JFK Boulevard, Philadelphia, PA, 19103. COMCAST may be served with process through its President at Comcast Center, 1701 JFK Boulevard, Philadelphia, PA, 19103.

3. Upon information and belief, Defendant COMCAST CABLE COMMUNCATIONS, LLC is a limited liability corporation organized and existing under the

**COMPLAINT FOR PATENT INFRINGEMENT**                                                          **Page 1**

laws of the State of Pennsylvania, with its principal place of business located at Comcast Center, 1701 JFK Boulevard, Philadelphia, PA, 19103.  COMCAST CABLE COMMUNICATIONS, LLC may be served with process through its President at Comcast Center, 1701 JFK Boulevard, Philadelphia, PA, 19103.

## JURISDICTION AND VENUE

4.      This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 *et seq.* and 281-285.

5.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Upon information and belief, COMCAST is subject to both specific and general personal jurisdiction of this Court.  Berman's claims for patent infringement against COMCAST asserted below arise from COMCASTs acts of infringement in the State of Texas.  These acts of infringement include using, selling, and/or offering for sale infringing products in the State of Texas, as well as placing infringing products into the stream of commerce through an established distribution channel with full awareness that substantial quantities of the products have been shipped into the State of Texas and then used and/or sold in the State of Texas in an infringing manner.  Upon information and belief, COMCAST has also operated and authorized agents to have operated multiple interactive websites facilitating the infringing use and sale of products in the State of Texas.  Therefore, this Court has personal jurisdiction over COMCAST under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

7.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, COMCAST has engaged in acts of infringement in the State of Texas described above sufficient to subject COMCAST to personal jurisdiction in this District.  In

**COMPLAINT FOR PATENT INFRINGEMENT**                                                    **Page 2**

particular, COMCAST maintains a physical presence and offices within this district and uses, sells and offers for sale infringing devices within this district.

## ASSERTED PATENTS

8.      On June 4, 1996, the United States Patent and Trademark Office issued United States Patent No. 5,523,791 ("the `791 patent") entitled "Method and Apparatus for Applying Overlay Images," a true copy of which is attached as Exhibit 1.

9.      On March 11, 1997, the United States Patent and Trademark Office issued United States Patent No. 5,610,665 ("the `665 Patent") entitled "Interactive Television Graphics Interface," a true copy of which is attached as Exhibit 2.

10.     Berman is the owner of the Asserted Patents and owns all right, title, and interest in the Asserted Patents, including the right to sue for and recover all past, present, and future damages for infringement of the Asserted Patents.

## ACCUSED INSTRUMENTALITIES

11.     COMCAST made, used, imported, offered for sale, and/or sold, within the United States, certain apparatus, products and components thereof, including interactive television graphics apparatus, apparatus for inserting an overlay image onto a background video image between the dates of April 8, 2010 and March 11, 2014.  These apparatuses include devices such as cable receivers and digital video recorders including the Comcast DCH3200, DCH6200, DCT5100, DCT6200, DCT6208, DCX3200, DCX3200M, RNG150, RNG150N, 4240, 4250HDC, DCH3416, DCH6416, DCT 3400, DCT6400, DCT6412, and DCX3400M, and are referred to herein as the **"COMCAST Accused Instrumentalities."**  The COMCAST Accused Instrumentalities also include devices which perform methods of interacting with a video image and methods of inserting an overlay image onto a background video image including those

**COMPLAINT FOR PATENT INFRINGEMENT**                                    **Page 3**

devices available by and through its website http://www.xfinity.com and its related webpages and websites owned and operated by COMCAST's agents that infringed the Asserted Patents.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the `791 Patent)**

12.     Berman incorporates paragraphs 1 through 11 as though fully set forth herein.

13.     Upon information and belief, COMCAST has directly infringed one or more claims of the `791 Patent by making, using, importing, offering for sale, and/or selling, within the United States, the Accused Instrumentalities in violation of 35 U.S.C. § 271(a).

14.     More particularly, and without limitation, upon information and belief, COMCAST has directly infringed one or more claims of the `791 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C. § 271(a).  The Accused Instrumentalities include one or more of the apparatus for inserting an overlay image onto a background video image, and the Accused Instrumentalities also perform methods of interacting with a video image and methods of inserting an overlay image onto a background video image as described and claimed in the `791 Patent.

15.     In accordance with Claim 3 of the `791 Patent, for example, the Accused Instrumentalities comprise an apparatus for inserting a video overlay image onto a background video image.

16.     The Accused Instrumentalities include video input means, for receiving a video signal corresponding to said background video image.

17.     The Accused Instrumentalities include synchronization means, coupled to said video input means, for generating synchronization signals from said background video signal.

**COMPLAINT FOR PATENT INFRINGEMENT**                                         **Page 4**

18.     The Accused Instrumentalities include operator input means, for receiving an input command from an operator to select an overlay image.

19.     The Accused Instrumentalities include processor means, coupled to said operator input means, for receiving said input command and generating overlay image data.

20.     The Accused Instrumentalities include first memory means, coupled to said processor means, for storing said overlay image data.

21.     The Accused Instrumentalities include address generator means, coupled to said memory means, said processor means and said synchronization means for selectively generating memory addresses for said memory means in response to said processor means and in synchronization with said synchronization means.

22.     The Accused Instrumentalities include video output means, coupled to said memory means, for selectively reading the overlay image data from said memory means in synchronization with said synchronization means and merging said overlay image with said background video image.

23.     The Accused Instrumentalities include second memory means, coupled to said processor means, for storing a plurality of overlay image data representing a plurality of overlay images.

24.     The Accused Instrumentalities include wherein said operator input means receives an input command from an operator to select an overlay image from said plurality of overlay images.

25.     The Accused Instrumentalities include said processor means receives selected overlay image data corresponding to a selected image from said second memory means.

**COMPLAINT FOR PATENT INFRINGEMENT**                                          **Page 5**

26.     The Accused Instrumentalities include said processor means stores the selected overlay image data in said first memory means.

27.     Berman has been damaged by COMCAST's infringing activities.

### SECOND CLAIM FOR RELIEF
### (Infringement of the `665 Patent)

28.     Berman incorporates paragraphs 1 through 11 as though fully set forth herein.

29.     Upon information and belief, COMCAST has directly infringed one or more claims of the `665 Patent by making, using, importing, offering for sale, and/or selling, within the United States, the Accused Instrumentalities in violation of 35 U.S.C. § 271(a).

30.     More particularly, and without limitation, upon information and belief, COMCAST has directly infringed one or more claims of the `665 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentality, all in violation of 35 U.S.C. § 271(a).  The Accused Instrumentalities also includes one or more of the interactive television graphics apparatus, and the Accused Instrumentalities also comprises methods for inserting an overlay image onto a background video image as described and claimed in the `665 Patent.

31.     In accordance with Claim 1 of the `665 Patent, for example, the Accused Instrumentalities comprise an interactive television graphics apparatus.

32.     The Accused Instrumentalities include video input means for receiving a background video signal, the background video signal including at least one graphics control signal for performing one or more of the following functions: selecting a locally generated graphic image overlay component, positioning a graphic image overlay component, and defining a bit map of a graphic image overlay component.

**COMPLAINT FOR PATENT INFRINGEMENT**                                      **Page 6**

33.     The Accused Instrumentalities include memory means for storing at least one graphic image overlay component, including one or more of: a locally generated graphic image overlay component, and a bit map of a graphic image overlay component received from the video input means.

34.     The Accused Instrumentalities include processor means, coupled to the video input means and the memory means for receiving the graphics control signals and generating a graphic image as an overlay over the background video in response to received graphics control signals, wherein the graphics control signals comprise signals for selecting a graphic image stored in the display means.

35.     Berman has been damaged by COMCAST's infringing activities.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Berman hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Berman requests the following relief:

(a)     A judgment in favor of Berman that COMCAST has directly infringed one or more claims of the Asserted Patents;

(b)     A judgment and order requiring COMCAST to pay Berman damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty for its usage made of the inventions of the Asserted Patents, including pre- and post-judgment interest and costs, including expenses and disbursements;

(c)     A judgment awarding Berman its costs as provided under FED. R. CIV. P. 54(d)(1);

**COMPLAINT FOR PATENT INFRINGEMENT**                                            **Page 7**

(d)     A judgment for pre- and post-judgment interest on all damages awarded;

(e)     Any and all such further necessary or proper relief as this Court may deem just and equitable.

Dated: April 15, 2016                    Respectfully submitted,

                                         **BUETHER JOE & CARPENTER, LLC**

                                         By:   */s/ Christopher M. Joe*
                                               Christopher M. Joe
                                               State Bar No. 00787770
                                               Chris.Joe@BJCIPLaw.com
                                               Eric W. Buether
                                               State Bar No. 03316880
                                               Eric.Buether@BJCIPLaw.com
                                               Mark D. Perantie
                                               State Bar No. 24053647
                                               Mark.Perantie@BJCIPLaw.com

                                               1700 Pacific Avenue, Suite 4750
                                               Dallas, Texas 75201
                                               Telephone:     (214) 466-1272
                                               Facsimile:     (214) 635-1828

                                         **BIBBY, McWILLIAMS & KEARNEY, PLLC**

                                         By:   */s/ Devon H. Decker*
                                               Devon H. Decker
                                               State Bar No. 05706870
                                               ddecker@bmkpllc.com

                                               410 Pierce Street, Suite 241
                                               Houston, TX  77002
                                               Telephone:     (713) 936-9620, X113
                                               Facsimile:     (281) 644-0561

                                         **ATTORNEYS FOR PLAINTIFF**
                                         **JOHN BERMAN**

**COMPLAINT FOR PATENT INFRINGEMENT**                          **Page 8**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 15th day of April, 2016.  Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Christopher M. Joe*
Christopher M. Joe

**COMPLAINT FOR PATENT INFRINGEMENT**                                                    **Page 9**